UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRENCE GARRETT,

       Plaintiff,                  CIVIL ACTION NO. 09-13141

     v.                                DISTRICT JUDGE AVERN COHN

SCOTT ADAMS, TROY SZUKHENT,     MAGISTRATE JUDGE VIRGINIA MORGAN
MICHIGAN STATE POLICE
DEPARTMENT, STATE OF MICHIGAN,
TIM LIGHT, GENESEE COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF GENESEE,
DENNIS CHASE, BRIAN SAVARD, AARON
QUINN, TIM BUECHE, GRAND BLANC
TOWNSHIP POLICE DEPARTMENT, and
TOWNSHIP OF GRAND BLANC,

       Defendants.
_____/

**REPORT AND RECOMMENDATION
TO GRANT IN PART and DENY IN PART
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (D/E #75, #78, #79)**

**I. Introduction**

      This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants violated his constitutional rights by using excessive force during his arrest and subsequently conspiring to cover-up that use of excessive force. The matter comes before the court on defendants Chase, Quinn, Bueche, Savard, Grand Blanc Township and Grand Blanc Township Police Department's

Motion for Summary Judgment (D/E #75), defendants Genesee County, Genesee County Sheriff's Department and Deputy Light's Motion for Summary Judgment (D/E #78), and defendants State of Michigan, Michigan State Police Department, Trooper Scott Adams and Trooper Troy Szukhent's Motion to Dismiss or, alternatively, for Summary Judgment (D/E #78). For the reasons discussed below, this court recommends that defendants' motions all be **GRANTED IN PART** and **DENIED IN PART**.  Specifically, this court recommends that:

> **1.** Defendants Chase and Quinn should be granted summary judgment on all claims against them due to lack of personal involvement in the alleged constitutional violations.
>
> **2.** Defendants Grand Blanc Township and Genesee County should be granted summary judgment on all claims against them because no genuine issue of material fact exists with respect to municipal liability.
>
> **3.** All claims against defendants Grand Blanc Township Police Department and Genesee County Sheriff's Department should be dismissed because those defendants are not entities that can be sued under § 1983.
>
> **4.** All claims against the State of Michigan and the Michigan State Police Department should be dismissed on the basis of Eleventh Amendment immunity.
>
> **5.** Defendants Adams and Szukhent's motion to dismiss the conspiracy claims against them be denied.
>
> **6.** Defendants Bueche, Savard and Light's motions for summary judgment on the conspiracy claims against them should be denied.
>
> **7.** Any decision on defendants Bueche, Savard, Light, Adams and Szukhent's request for summary judgment on the excessive force claims against them should be stayed pursuant to Fed. R. Civ. P. 56(f) until plaintiff has the opportunity to conduct additional discovery.

In light of the above recommendations, this court also recommends that defendants Chase, Quinn, Grand Blanc Township, Genesee County, Grand Blanc Township Police Department, Genesee County Sheriff's Department, State of Michigan, and Michigan State Police Department

be dismissed as defendants in this action. The case should proceed against defendants Bueche, Savard, Light, Adams and Szukhent with respect to plaintiff's excessive force and conspiracy claims.

## II. Background

### A. Complaint and Amended Complaint

On November 13, 2009, plaintiff filed the complaint in this action (D/E #1). On November 13, 2009, plaintiff subsequently amended his complaint pursuant to a court order (D/E #21). In that amended complaint, plaintiff alleges that, on June 23, 2009, he was arrested for fleeing and eluding after pulling his car over on northbound I-475. (Amended Complaint, p. 3) According to plaintiff, after he took the keys out of the ignition and placed his hands in the air, his car was surrounded by law enforcement officers. (Amended Complaint, p. 3) Plaintiff also alleges that defendant Light, a Deputy in the Genesee County Sheriff's Department, tazed plaintiff and pulled him from the car. (Amended Complaint, p. 3) Plaintiff further alleges that he was tazed again by defendant Szukhent, a Trooper for the Michigan State Police Department, and assaulted and battered by other officers. (Amended Complaint, p. 3) Plaintiff also claims that, following his arrest, the law enforcement officers conspired to falsify their police reports in order to make it appear that plaintiff was resisting arrest and to justify the tazing and assaults. (Amended Complaint, p. 3)

Given those above actions, plaintiff specifically alleges that his constitutional right, under the Eighth Amendment to the United States Constitution, to be free from cruel and unusual punishment "was violated by the arresting officers when he was unjustly tazed by them and

assaulted after surrendering[.]" (Amended Complaint, p. 4) As relief, plaintiff seeks punitive, compensatory and pecuniary damages, as well as damages for physical and mental anguish, in the amount of $250,000 per defendant. (Amended Complaint, p. 5)

**B. Pending Motions for Dismissal and/or Summary Judgment**

On September 17, 2010, defendants Chase, Quinn, Bueche, Savard, Grand Blanc Township and the Grand Blanc Township Police Department (the "Grand Blanc Defendants") filed a motion for summary judgment (D/E #75). In that motion, those defendants first argue that, because neither Sgt. Chase nor Officer Quinn were involved in the chase, apprehension or arrest of plaintiff, they are entitled to summary judgment. The Grand Blanc Defendants also argue that, because neither Officer Savard nor Officer Bueche used the taser, authorized the use of the taser or had the means or opportunity to prevent the use of the taser, they are entitled to summary judgment as well. Defendants further argue that plaintiff has failed to establish that either Officer Savard or Officer Bueche used any force that can be construed as excessive force under the circumstances and that, consequently, those officers are entitled to qualified immunity. Finally, defendants argue that plaintiff has failed to establish a 42 U.S.C. § 1985 conspiracy or any municipal liability claim against Grand Blanc Township.

Defendants Genesee County, Genesee County Sheriff's Departmant, and Deputy Light (the "Genesee County Defendants") also filed a motion for summary judgment on September 17, 2010 (D/E #78). In that motion, the Genesee County Defendants argue that the Genesee County Sheriff's Department is not a entity subject to suit under §1983, plaintiff cannot establish a violation of his Eighth Amendment rights, and plaintiff's claims against Genesee County and

Deputy Light in his official capacity fail. Defendants also argue that Deputy Light is entitled to qualified immunity and that plaintiff's conspiracy claim is deficiently pled and unsupported by the evidence.

Defendants State of Michigan, Michigan State Police Department, Trooper Scott Adams and Trooper Troy Szukhent (the "State of Michigan Defendants") filed a motion to dismiss or, alternatively, for summary judgment on September 17, 2010 (D/E #78). In that motion, those defendants first argue that the State of Michigan and the Michigan State Police Department should be dismissed under Fed. R. Civ. P. 12(b)(6) based on Eleventh Amendment immunity and that, to the extent that plaintiff's complaint contains a conspiracy claim, it fails to state a claim upon which relief may be granted. Defendants also argue that the troopers are entitled to summary judgment because there is no dispute that the force used by the troopers was reasonable and necessary under the circumstances. Defendants further argue that the troopers are entitled to qualified immunity because their conduct was objectively reasonable in light of the clearly established law.

Plaintiff did not file any responses to defendants' motions and the deadline for filing a response has passed. However, as discussed below, plaintiff did file a Motion to Stay pursuant to Fed. R. Civ. P. 56(f), seeking a postponement of a court ruling on the dispositive motions filed by defendants so that Plaintiff may conduct additional discovery (D/E #92).

### III. Standards of Review

#### A. Motion to Dismiss

The State of Michigan Defendants argue that some of plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. When reviewing a Rule 12(b)(6) motion to dismiss, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976)); see also Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). Because a motion to dismiss rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." Miller, 50 F.3d at 377 (citing Cameron v. Seitz, 38 F.3d 264, 270 (6th Cir. 1994)). However, while this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993) (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988)). Rather, the complaint must contain either direct or inferential allegations with regard to all the material elements to sustain recovery under some viable legal theory. DeLorean, 991 F.2d at 1240 (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). However, "determining whether a

complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." Id. at 1940.

### B. Motions for Summary Judgment

All defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e).

"Where the record taken as a whole could not lead a rational trier of <u>fact </u>to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587, 106 S.Ct. 1348 (quoting <u>First National Bank of Arizona v. Cities Service Co.</u>, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV.  Discussion

### A. Sgt. Chase and Officer Quinn

Defendants Chase and Quinn argue that they are entitled to summary judgment because they were not involved in the chase, apprehension or arrest of plaintiff.  To succeed in an action under § 1983, a plaintiff must show personal involvement by the defendant in the constitutional violation.  <u>Copeland v. Machulis</u>, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam).  Here, plaintiff conceded in his motion for leave to file a second amended complaint (D/E #85) that those defendants did not take part in the alleged constitutional violation.  This court has also reviewed the evidence in the record and that evidence also demonstrates a lack of personal involvement by Sgt. Chase or Officer Quinn.  Accordingly, those two defendants should be granted summary judgment.

### B. Grand Blanc Township and Genesee County

Defendants Grand Blanc Township and Genesee County argue that they are entitled to summary judgment because plaintiff has failed to establish any municipal liability on their part.  A municipality cannot be liable for the constitutional torts of its employees; that is, it cannot be liable on a respondeat superior theory.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); <u>see</u> <u>also</u> <u>Powers v. Hamilton County Public Defender Com'n</u>,

501 F.3d 592, 607 (6th Cir. 2007). Rather, liability will attach only where the plaintiff establishes that the municipality engaged in a "policy or custom" that was the "moving force" behind the deprivation of the plaintiff's rights. Monell, 436 U.S. at 694; see also Miller v. Sanilac County, 606 F.3d 240, 254-255 (6th Cir. 2010) ("To succeed on a municipal liability claim, a plaintiff must establish that his or her constitutional rights were violated and that a policy or custom of the municipality was the "moving force" behind the deprivation of the plaintiff's rights.")

The Monell Court described a municipal policy as including "a policy statement, ordinance, regulation, or decision officially adopted and promulgated...." 436 U.S. at 690. An actionable "custom," in contrast, "has not received formal approval through ... official decisionmaking channels." Monell, 436 U.S. at 690-91. A § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue. Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). "The inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.'" Slusher v. Carson, 540 F.3d 449, 457 (6th Cir. 2008) (quoting City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). To establish deliberate indifference, the plaintiff "must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." Fisher v. Harden, 398 F.3d 837, 849 (6th Cir. 2005).

In this case, plaintiff's amended complaint does not make any specific allegations against defendants Grand Blanc Township and Genesee County. Nor does it allege either of those two defendants engaged in a "policy or custom" that was the "moving force" behind the deprivation of the plaintiff's rights. Discovery is over in this case and plaintiff did not file a response to defendants' motions for summary judgment providing any evidence related to municipal liability. Plaintiff did file a Motion to Stay pursuant to Fed. R. Civ. P. 56(f), seeking a postponement of a court ruling on the dispositive motions filed by defendants so that plaintiff may conduct additional discovery (D/E #92), but none of that additional discovery relates to municipal liability in any way. Accordingly, this court finds that no genuine issue of material fact exists with respect to plaintiff's claims against defendants Grand Blanc Township and Genesee County, and that those defendants should be granted summary judgment.

**C. Grand Blanc Township Police Department and Genesee County Sheriff's Department**

Defendants Grand Blanc Township Police Department and Genesee County Sheriff's Department are not legal entities against which a suit under § 1983 can be directed. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); Watson v. Gill, 40 Fed.Appx. 88, 89 (6th Cir. 2002). Instead, because they are departments of the Township and County respectively, the Township and County are the appropriate parties to address plaintiff's suit and the claims against defendants Grand Blanc Township Police Department and Genesee County Sheriff's Department should be dismissed. See Matthews, 35 F.3d at 1049; Watson, 40 Fed. Appx. at 89. Moreover, even if any claims against those two entities were deemed to be against Grand Blanc Township

and Genesee County, those defendants would still be entitled to summary judgment for the reasons stated above.

### D. State of Michigan and Michigan State Police Department

Defendants State of Michigan and Michigan State Police Department argue that the claims against them should be dismissed because of their immunity under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars a suit brought in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); Abick v. Michigan, 803 F.2d 874, 876-77 (6th Cir. 1986). Because the Michigan State Police Department is a state agency and the state of Michigan has not consented to civil rights suits in the federal courts, both the State of Michigan and the Michigan State Police Department are entitled to Eleventh Amendment immunity. See Pennhurst, 465 U.S. at 100, 104 S.Ct. 900; Pugh, 438 U.S. at 782, 98 S.Ct. 3057; Abick, 803

F.2d at 877.[1]  Consequently, the claims against the State of Michigan and the Michigan Department of State Police should be dismissed.

### E. Officer Bueche, Officer Savard, Deputy Light, Trooper Adams and Trooper Szukhent

**1. Conspiracy Claims**

Defendants Adams and Szukhent argue that plaintiff has failed to properly plead his conspiracy claim with specificity and, therefore, the claim must be dismissed.  Conspiracy claims must be pled with particularity.  Spadafore v. Gardner, 330 F.3d 849, 854 (6th Cir. 2003).  Although courts construe *pro se* complaints liberally, Haines v. Kerner, 404 U.S. 519, 520 (1989), even *pro se* complaints must satisfy basic pleading requirements. See, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).  However, in this case, it is not clear how plaintiff could have been more specific at the time he filed his complaint.  He particularly alleged that the defendant law enforcement officers conspired to cover-up the use of excessive force and that they all falsified their reports pertaining to plaintiff's apprehension and arrest.  Such allegations sufficiently describe plaintiff's claim and, in light of plaintiff's *pro se* status and the liberal

---

[1] As discussed by the Sixth Circuit in Ernst v. Rising, 427 F.3d 351, 358-359 (6th Cir. 2005), a state's immunity comes with a host of exceptions; the immunity does not attach if the lawsuit is not against the state or an arm of the state, the immunity does not extend to counties and similar municipal corporations, the immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law, the immunity may be abrogated by Congress when exercising its enforcement authority under the Fourteenth Amendment, and the immunity does not apply when the federal government brings the lawsuit.  Additionally, a state may elect to waive that immunity through legislation or through its conduct in litigation.  Ernst, 427 F.3d at 358.  None of these exceptions are applicable in this case.

reading given to such complaints, this court recommends that defendants Adams and Szukhent's motion to dismiss the conspiracy claims against them be denied.

Defendants Bueche, Savard and Light argue that they are entitled to summary judgment with respect to the conspiracy claims made against them because there is no evidence that such conspiracy was motivated by some racial or other invidiously discriminatory animus. According to those defendants, conspiracy claims brought under 42 U.S.C. § 1983 are governed by 42 U.S.C. § 1985 and § 1985 claims only cover conspiracies to prevent officers from performing official duties, conspiracies to intimidate a party, witness or juror, and conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus, to deprive persons of rights or privileges because. However, defendants assertion that all conspiracy claims brought under 42 U.S.C. § 1983 are governed by 42 U.S.C. § 1985 is simply incorrect. Defendants offer no support for their argument and, while related, § 1983 and § 1985 are two different statutes addressing different circumstances. As set forth by the Sixth Circuit, the standard for proving a § 1983 conspiracy claim is as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

[Spadafore, 330 F.3d at 854 (quoting Hooks v. Hooks, 771 F.2d 935, 943-944 (6th Cir.1985)]. There is no requirement that a conspiracy under § 1983 be motivated by some racial or other

invidiously discriminatory animus and defendants' argument is incorrect. Therefore, defendants Bueche, Savard and Light's motion for summary judgment on the conspiracy claims against them should be denied.

### 2. Excessive Force Claims[2]

Defendants Bueche, Savard, Light, Adams and Szukhent all argue that they are entitled to summary judgment and qualified immunity with respect to the excessive force claims against them based on the evidence in the record. Plaintiff did not file any responses to defendants' motions, but he did file a Motion to Stay pursuant to Fed. R. Civ. P. 56(f), seeking a postponement of a court ruling on the dispositive motions filed by defendants so that plaintiff may conduct additional discovery (D/E #92).

As discussed in this court's order granting plaintiff's motion to stay pursuant to Fed. R. Civ. P. 56(f), plaintiff's affidavit sufficiently and persuasively details why audio and visual

---

[2]The Genesee County Defendants correctly note that, while plaintiff identifies his claims as being brought pursuant to the Eighth Amendment to the United States Constitution, the alleged constitutional violations occurred during the arrest of plaintiff and the Eighth Amendment is not implicated by alleged misconduct that occurs prior to conviction. See Bass v. Robinson, 167 F.3d 1041, 1048-49 (6th Cir. 1999) ("[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." (quoting Ingraham v. Wright, 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 51 L.E.2d 711 (1977))). Nevertheless, plaintiff's claims need not be dismissed on that basis. "*Pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings" Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999), and, in this case, the *pro se* plaintiff clearly alleges the use of excessive force during his apprehension and arrest. The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that "arise[ ] in the context of an arrest or investigatory stop of a free citizen," Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Consequently, this court will construe plaintiff's complaint as alleging a violation of the Fourth Amendment, as incorporated to the States by the Fourteenth Amendment.

recordings possessed by defendants, which captured the events surrounding plaintiff's apprehension and arrest, go to the heart of his excessive force claims and are necessary for him to respond to the motions for summary judgment on those claims. Plaintiff's affidavit also sufficiently describes how his incarceration has impaired his ability to obtain the discovery and what specific material facts he hopes to uncover through the recordings.

This court has ordered that an evidentiary hearing be held with respect to the recordings on February 16, 2011 at 9:30 a.m in the federal courthouse in Ann Arbor, Michigan. Given the importance of the recordings to plaintiff's excessive force claims and plaintiff's inability to view them, no decision should be made on the excessive force claims until the evidentiary hearing has been held and plaintiff has been given a chance to respond to fully respond to defendants' motions for summary judgment.

## V. Conclusion

For the reasons discussed above, this court recommends that defendants' motions all be **GRANTED IN PART** and **DENIED IN PART**. Specifically, this court recommends that:

**1.** Defendants Chase and Quinn should be granted summary judgment on all claims against them due to lack of personal involvement in the alleged constitutional violations.

**2.** Defendants Grand Blanc Township and Genesee County should be granted summary judgment on all claims against them because no genuine issue of material fact exists with respect to municipal liability.

**3.** All claims against defendants Grand Blanc Township Police Department and Genesee County Sheriff's Department should be dismissed because those defendants are not entities that can be sued under § 1983.

**4.** All claims against the State of Michigan and the Michigan State Police Department should be dismissed on the basis of Eleventh Amendment immunity.

**5.** Defendants Adams and Szukhent's motion to dismiss the conspiracy claims against them be denied.

**6.** Defendants Bueche, Savard and Light's motion for summary judgment on the conspiracy claims against them should be denied.

**7.** Any decision on defendants Bueche, Savard, Light, Adams and Szukhent's request for summary judgment on the excessive force claims should be stayed pursuant to Fed. R. Civ. P. 56(f) until plaintiff has the opportunity to conduct additional discovery.

In light of the above recommendations, this court also recommends that defendants Chase, Quinn, Grand Blanc Township, Genesee County, Grand Blanc Township Police Department, Genesee County Sheriff's Department, State of Michigan, and Michigan State Police Department be dismissed as defendants in this action. The case should proceed against defendants Bueche, Savard, Light, Adams and Szukhent with respect to plaintiff's excessive force and conspiracy claims.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

> S/Virginia M. Morgan
> Virginia M. Morgan
> United States Magistrate Judge

Dated: November 5, 2010

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on November 5, 2010.

> s/J. Johnson
> Case Manager to
> Magistrate Judge Virginia M. Morgan