UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRENCE LYNN GARRETT,

    Plaintiff,

v.                                                                              Case No. 09-13141

TROOPER SCOTT ADAMS,                          HON. AVERN COHN
TROOPER TROY SZUKHENT,
MICHIGAN STATE TROOPER
DEPARTMENT AND THE STATE OF
MICHIGAN, DEPUTY TIM LIGHT,
GENESEE COUNTY SHERIFF
DEPARTMENT, THE COUNTY OF
GENESEE, SERGEANT DENNIS CHASE,
OFFICER AARON QUINN, OFFICER
TIM BUECHE, OFFICER BRIAN SAVARD,
GRAND BLANC TOWNSHIP POLICE
DEPARTMENT, and THE TOWNSHIP
OF GRAND BLANC,

    Defendants.

_____/


## ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 99) AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT (Doc. 75, 78, 79)

I.

This is a pro se prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff claims that the defendants violated his constitutional rights by using excessive force during his arrest and subsequently conspiring to cover-up what they did. The matter has been

referred to a magistrate judge for pretrial proceedings and before whom defendants filed dispositive motions as follows:

> Aaron Quinn, Tim Bueche, Brian Savard, Grand Blanc Township and Grand Blanc Township Police Department's Motion for Summary Judgment (Doc. 75)
>
> Genesee County, Genesee County Sheriff's Department and Deputy Tim Light's Motion for Summary Judgment (Doc. 78)
>
> State of Michigan, Michigan State Police Department, Trooper Scott Adams and Trooper Troy Szukhent's Motion to Dismiss or, alternatively, for Summary Judgment (Doc. 79).

The magistrate judge issued a report and recommendation (MJRR), recommending that the motions be granted in part and denied in part. Specifically, the magistrate recommends the following:

> 1. Chase and Quinn should be granted summary judgment on all claims against them due to lack of personal involvement in the alleged constitutional violations.
>
> 2. Grand Blanc Township and Genesee County should be granted summary judgment on all claims against them because no genuine issue of material fact exists with respect to municipal liability.
>
> 3. All claims against Grand Blanc Township Police Department and Genesee County Sheriff's Department should be dismissed because those defendants are not entities that can be sued under § 1983.
>
> 4. All claims against the State of Michigan and the Michigan State Police Department should be dismissed on the basis of Eleventh Amendment immunity.
>
> 5. Adams and Szukhent's motion to dismiss the conspiracy claims against them be denied.
>
> 6. Bueche, Savard and Light's motions for summary judgment on the conspiracy claims against them should be denied.
>
> 7. Any decision on Bueche, Savard, Light, Adams and Szukhent's request for summary judgment on the excessive force claims against them should be stayed pursuant to Fed. R. Civ. P. 56(f) until plaintiff has the opportunity to conduct additional discovery.

In short, the magistrate judge recommends that Chase, Quinn, Grand Blanc Township, Genesee County, Grand Blanc Township Police Department, Genesee County Sheriff's Department, State of Michigan, and Michigan State Police Department be dismissed and the case proceed against Bueche, Savard, Light, Adams and Szukhent with respect to plaintiff's excessive force and conspiracy claims.

Before the Court are the following papers filed by the parties as follows:

1. Light's objections. Doc. 100

2. Bueche and Savard's objections. Doc. 101

3. Adams and Szukhent's objections. Doc. 102.

4. Plaintiff's response to the MJRR. Doc. 103.

## II. Background

The MJRR accurately sets forth the background, some of which is repeated her. Plaintiff alleges that, on June 23, 2009, he was arrested for fleeing and eluding after pulling his car over on northbound I-475. According to plaintiff, after he took the keys out of the ignition and placed his hands in the air, his car was surrounded by law enforcement officers. Plaintiff also alleges that Light, a Deputy in the Genesee County Sheriff's Department, tased him and pulled him from the car. Plaintiff further alleges that he was tased again by Szukhent, a Michigan State Police Trooper, and assaulted and battered by other officers. Plaintiff also claims that, following his arrest, the law enforcement officers conspired to falsify their police reports in order to make it appear that plaintiff was resisting arrest and to justify the tasing and assaults.

Based on these allegations, plaintiff claims that his constitutional right, under

the Eighth Amendment[1] to the United States Constitution, to be free from cruel and unusual punishment was violated. He seeks punitive, compensatory and pecuniary damages, as well as damages for physical and mental anguish, in the amount of $250,000 per defendant.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been

---

[1] While perhaps a technical point, because plaintiff's claim arose in the context of his arrest, it is governed by the Fourth Amendment, not the Eighth Amendment:
> [T]he two primary sources of constitutional protection against physically abusive governmental conduct" are the Fourth and Eighth Amendments. The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that "arise[ ] in the context of an arrest or investigatory stop of a free citizen," while the Eight Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences.

Aldini v. Johnson, 609 F.3d 858, 864 (6th Cir .2010) (quoting Graham v. Connor, 490 U.S. 386-394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)) (internal citations omitted).

4

presented before, is not an objection as that term is used in this context. <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

IV.  Analysis

A.  Plaintiff's Filing

As noted above, the magistrate judge recommends that plaintiff's claims against several of the defendants be dismissed. Plaintiff filed a paper styled "Plaintiff's Response to the Court's Report and Recommendation." In that filing, plaintiff has not objected to the magistrate judge's recommendations regarding the dismissal of certain defendants. Rather, he asks for audio recordings in advance of the February 16, 2011 evidentiary hearing before the magistrate judge. This request must be directed to the magistrate judge, not the Court.

As to the magistrate judge's recommendations, the Court has reviewed the MJRR and agrees with the magistrate judge that plaintiff's claims against certain defendants must be dismissed. As such, for the reasons stated in the MJRR, the Court finds as follows:  Chase and Quinn are entitled to summary judgment on all claims against them due to lack of personal involvement in the alleged constitutional violations. Grand Blanc Township and Genesee County are entitled to summary judgment on all claims against them because no genuine issue of material fact exists with respect to municipal liability. Plaintiff's claims against Grand Blanc Township Police Department and Genesee County Sheriff's Department are dismissed because those defendants

are not entities that can be sued under § 1983. Finally, plaintiff's claims against the State of Michigan and the Michigan State Police Department are dismissed on the basis of Eleventh Amendment immunity.

### B. Defendants' Objections

#### 1. Light

Light objects to the MJRR to the extent that it recommends that plaintiff's claims against him in his official capacity remain. Light argues that because the magistrate judge found no municipal liability, he cannot be liable in his official capacity. The Court agrees. While at least implicit in the MJRR, the Court makes clear that plaintiff does not have a claim against Light in his official capacity.

Light also objects to the magistrate judge's finding that plaintiff's conspiracy claim continue, arguing that the evidence shows Light had no input into the events which form the basis for this claim, i.e. falsifying reports, because Light did not issue any reports regarding the incident. Light did not present this argument to the magistrate judge or, to the extent he did, it was not fully developed. Rather, Light argued that summary judgment was appropriate because (1) plaintiff had not plead the claim with particularity and (2) plaintiff had not shown a conspiracy motivated by racial or other invidious discrimination. Light concedes that this argument is based on events which occurred after the filing of his summary judgment motion. However, the Court notes that in part the "subsequent filings" on which he relies are statements in plaintiff's Rule 56(f) affidavit, which was filed before the MJRR issued. See Doc. 92. Thus, Light had an opportunity to more fully develop this argument before the magistrate judge. The Court therefore declines to consider this argument at this time.

Overall, nothing in Light's objections convince the Court that the magistrate judge erred in recommending that plaintiff's conspiracy and excessive force claims against him continue.

## 2. Bueche and Savard

Bueche and Savard first object to the magistrate judge's recommendation that plaintiff has sufficiently plead a conspiracy claim. In this objection, they present essentially the same argument considered and rejected by the magistrate judge. The magistrate judge reviewed the allegations in plaintiff's complaint and found that plaintiff had plead a conspiracy claim. The Court agrees with the magistrate judge; plaintiff's complaint provides sufficient detail as to the nature of the conspiracy - to cover-up the alleged excessive force and to falsify reports regarding plaintiff's arrest. Thus, this objection lacks merit.

In their second objection, these defendants say that the magistrate judge erred in denying summary judgment on plaintiff's conspiracy claim because plaintiff has not established an underlying tortuous act, i.e. excessive force. Bueche and Savard say that because the magistrate judge stayed proceedings on the excessive force claim pending additional discovery, so should the conspiracy claim be stayed.

Bueche and Savard did not move for summary judgment on the grounds that an underlying constitutional violation had not been established. Rather, the magistrate judge only denied summary judgment on the grounds asserted in the motion. Because this argument was not considered by the magistrate judge, the Court declines to address it in the first instance.

### 3. Adams and Szukhent

Adams and Szukhent object to the recommendation that plaintiff's conspiracy claims against them continue, arguing that plaintiff has not plead the claim with particularity and there is no evidence that the conspiracy was motivated by racial, class based or other discriminatory animus.

This objection lacks merit. As stated above, plaintiff has sufficiently plead a conspiracy claim. With respect to the substance of the claim, the magistrate judge carefully explained that a conspiracy claim under § 1983 be motivated by some racial or other invidiously discriminatory animus. See MJRR at p. 13-14.

### V. Conclusion

For the reasons stated above, defendants' objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court.

The Motion for Summary Judgment filed by Grand Blanc Township, Dennis Chase, Brian Savard, Aaron Quinn, Tim Bueche, and Grand Blanc Township Police Department (Doc. 75), is GRANTED IN PART AND DENIED IN PART.

The Motion for Summary Judgment filed by Tim Light, Genesee County Sheriff's Department, and Genesee County (Doc. 78) is GRANTED IN PART AND DENIED IN PART.

The Motion to Dismiss or Alternatively, for Summary Judgment filed by Troy Szukhent, Scott Adams, and Michigan State Police Department (Doc. 79) is GRANTED IN PART AND DENIED IN PART.

Plaintiff's claims against Chase, Quinn, Grand Blanc Township, Genesee County, Grand Blanc Township Police Department, Genesee County Sheriff's Department, State

of Michigan, and Michigan State Police Department are DISMISSED. The case proceeds against Bueche, Savard, Light, Adams and Szukhent with respect to plaintiff's excessive force and conspiracy claims.

    SO ORDERED.


Dated: December 15, 2010          S/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Terrence Garrett, 219254, Florence Crane Correctional Facility, 38 Fourth Street, Coldwater, MI 49036 and the attorneys of record on this date, December 15, 2010, by electronic and/or ordinary mail.

                                           S/Julie Owens
                                           Case Manager, (313) 234-5160